IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STANLEY KUKLINSKI | : | |
| | : | |
| v. | : | CIVIL NO. CCB-12-2645 |
| | : | |
| BALTIMORE COUNTY, MARYLAND | : | |

……………………………………….   :   ………………………………………

| | | |
|---|---|---|
| DONALD K. BECKER, SR. | : | |
| | : | |
| v. | : | CIVIL NO. CCB-12-2646 |
| | : | |
| BALTIMORE COUNTY, MARYLAND | : | |

………………………………………..   :   ……………………………………….

| | | |
|---|---|---|
| MICHAEL LAUENSTEIN | : | |
| | : | |
| v. | : | CIVIL NO. CCB-12-2647 |
| | : | |
| BALTIMORE COUNTY, MARYLAND | : | |

… ooOoo…

## MEMORANDUM

On September 5, 2012, counsel filed three suits against Baltimore County alleging discrimination under the ADA in connection with "overbroad and illegal medical inquiries" leading to forced retirement. The cover sheets for all three suits noted Blake v. Baltimore County (BEL-07-50) as a related case. Judge Legg having announced retirement, the Clerk's Office assigned all three "related" cases to the same judge. By random choice, I received the cases.

Earlier, in August 2012, the Department of Justice filed a case against Baltimore County, which was resolved by consent decree, involving similar allegations on behalf of other county employees. The County did not admit liability but agreed to settle approximately 10 individual

1

claims. That case, also noted as "related" to BEL-07-50, was randomly assigned to Judge Quarles, who approved the decree. (See WDQ-12-2327.)

The County has filed motions in each of the three cases assigned to me (Kuklinski, 12-2645; Becker, 12-2646; and Lauenstein, 12-2647) suggesting the cases are not in fact "related," and at least two should be randomly reassigned. In the alternative, if they are related to the Blake case, they should be transferred to Judge Quarles.

Local Rule 103 requires counsel for a plaintiff in a civil action who believes that the action being filed and "one or more other civil actions . . . previously decided or pending in the Court (1) arise from the same or identical transactions, happenings, or events; (2) involve the identical parties or property; (3) involve the same patent or trademark; or (4) for any other reason would entail substantial duplication of labor if heard by different judges," to designate the case as "related" on the civil cover sheet. Any disputes regarding that designation "shall be presented by motion to the judge to whom the new or later case has been assigned." Local Rule 103 (D. Md. 2011).

An examination of the complaints and motions filed to date in these three cases demonstrates a substantial overlap in parties, alleged policymakers, and likely evidentiary issues. A clear example is the County's filing of a virtually identical motion to strike in all three cases that involves the evidentiary significance of the consent decree entered by Judge Quarles. It also seems likely that the plaintiffs, who are represented by the same counsel, will seek to take depositions of alleged decisionmakers and at least one doctor that should be coordinated to avoid duplication of time and resources.

Without deciding at this point the precise extent of the overlap in discovery, and recognizing there are significant factual distinctions among the individual plaintiffs, it appears at

this time that the three cases, all involving the same alleged "policy" by Baltimore County, are sufficiently "related" to the case tried before Judge Legg and to each other to justify that designation.

I have consulted with Judge Quarles, who advised, as the record suggests, that his involvement with the 2012 case was limited to review of the consent decree. In his opinion, as well as mine, reassigning these three cases to him would not avoid duplication of labor as between the consent decree case and these three cases.

Accordingly, the motions to reassign will be denied by separate Order.


<u>November 13, 2012</u>                                  <u>           /s/                         </u>
         Date                                                    Catherine C. Blake
                                                                 United States District Judge